IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP BANKS | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | NO.  08-2677 |
| STEPHEN SCHUTTER and DAVID HERSKOWITZ | : | |
| Defendants | : | |

## MEMORANDUM OPINION

DAVID R. STRAWBRIDGE                                                           November    6, 2008
UNITED STATES MAGISTRATE JUDGE

**I.     Introduction**

Presently before us are the motions filed by both Defendant Stephen Schutter ("Schutter") (Doc. 8) and Defendant David Herskowitz ("Herskowitz") (Doc. 3) seeking to dismiss the complaint filed by Plaintiff Philip Banks ("Banks") (Doc. 1).  Noting that Banks has failed to respond, we nonetheless consider the motion on its merits and conclude that each count contained in the complaint is barred by the doctrine of claim preclusion.  Accordingly, and for the reasons set out below, we will enter an Order granting the motions to dismiss Banks's complaint.[1]

**II.    Factual Background**

This matter arises out of an abandoned property transaction in which Schutter was the prospective buyer, Herskowitz was the prospective seller, and Banks, a real estate broker licensed

---

[1] Subject matter in this case is predicated upon diversity of citizenship under 28 U.S.C. § 1332.  Under *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938), a federal court must apply the substantive laws of its forum state in diversity actions.  *See Borse v. Piece Goods Shop, Inc.*, 963 F.2d 611, 614 (3d Cir. 1992).  Accordingly, we apply Pennsylvania law in deciding all substantive legal issues pertaining to this case.

in Pennsylvania and acting pursuant to an Authorization Agreement (the "Authorization"), served as Schutter's agent. The litigation primarily involves a dispute over an escrow fund of $100,000 which Schutter, pursuant to an Agreement of Sale (the "Agreement"), deposited with Banks in December 2005. In that we write for the parties who are well aware of the basic facts of the dispute, we need not again set out the full account here, but rather will incorporate the factual background set out in our various memorandum opinions issued in *Schutter v. Banks and Herskowitz*, Civil Action Number 07-3823 ("Schutter I"). (*See* Schutter I, Docs. 99, 123, 129, 140).

### III. Procedural Background

This case comes before us in a somewhat unique procedural posture. Given this circumstance, it is necessary that we set out, first, the procedural history of Schutter I, the related case arising out of the same factual background, the same subject-matter, raising the same causes of action, and involving the same parties.

#### A. Schutter I

In that complaint, Schutter, as a prospective buyer of a property in Philadelphia, alleged breach of contract against the prospective seller, Herskowitz (Count One); fraudulent inducement to contract against Herskowitz and Banks (Count Two); breach of fiduciary duty against Banks alone (Count Three); unjust enrichment against both Herskowitz and Banks (Count Four); and fraud and misrepresentation also against both Herskowitz and Banks (Count Five).

Banks filed both an answer to the complaint on November 20, 2007 and a five count counterclaim for services rendered, attorneys fees, libel and slander, and punitive damages. (Schutter I, Doc. 10). On February 5, 2008, Schutter filed a motion to dismiss Counts Two through Five of this counterclaim. (Schutter I, Doc. 22). On March 18, 2008, noting that no response had been filed,

Judge Brody granted the motion as unopposed. (Schutter I, Doc. 62).[2] On March 25, 2008, Banks filed a "Motion to Vacate" (Schutter I, Doc. 68) that order, which we denied on June 6, 2008 (Schutter I, Doc. 99). The only remaining count, Count One, which asserted a claim for "a commission as acting as an agent" and reimbursement for hiring counsel "for the purposes of preparing and procuring releases" (Schutter I, Doc. 10 at p. 13, ¶¶ 24, 25), was disposed of by our grant of Schutter's motion for summary judgment on June 30, 2008. (Schutter I, Doc. 129).

In a motion seeking leave to file an amended counterclaim (Schutter I, Doc. 112) filed on June 16, 2008, Banks sought to re-assert the same five counts set out in his original counterclaim and add for the first time a *quantum meruit* claim as part of his first Count, along with a new Count Six setting out a claim for attorneys fees with the same bases as Counts Two and Three. By our order of July 1, 2008 (Schutter I, Doc. 131), we refused to permit Banks the opportunity to revive these claims and denied the motion.

Our reasoning for doing so, set out in a memorandum opinion issued on July 11, 2008 (Schutter I, Doc. 140), was multi-fold. As we explained in that memorandum, we determined that allowing Banks to amend his counterclaim would have been futile. We first noted that several of the claims had been dismissed by Judge Brody pursuant to Fed.R.Civ.P. 12(b)(6), and that Banks was thus precluded from refiling them by the doctrine of claim preclusion. (Schutter I, Doc. 140 at 13-14). At the same time, we addressed the substantive merits of each count of the proposed counterclaim and determined that they all either failed to state a claim or would have failed, at that

---

[2] The Schutter I complaint was originally filed in the United States District Court for the District of Columbia, but on July 5, 2007 was transferred to this District pursuant to 18 U.S.C. § 1404(a) and (c) and assigned to the Honorable Anita B. Brody. On April 17, 2008, the parties consented to Magistrate Judge jurisdiction and the matter was transferred to this Court. (Schutter I, Doc. 75).

late stage in the litigation, to survive summary judgment. (Schutter I, Doc. 140 at 14-23). We denied Banks's subsequent motion for reconsideration of that order (Schutter I, Doc. 134) on August 22, 2008 (Schutter I, Doc. 156).

Since that time, the record before us has been amplified by the docketing of a response from Bryn Mawr Trust Company ("BMT"), the escrow holder, to Schutter's motion (Schutter I, Doc. 159) seeking an order from us that BMT deposit the escrow funds into the registry of this Court. (Schutter I, Doc. 162). With that response, BMT produced account records which demonstrated that Banks had substantially depleted the escrow account by January 2007 and fully depleted it by December 2007. (Schutter I, Doc. 162 at 16, 2).[3] It is with this more fulsome record in Schutter I before us that we proceed to address the procedural history of Schutter II.

### B. *Banks v. Schutter and Herskowitz* ("Schutter II")[4]

On June 9, 2008, as Schutter I was progressing, and one week prior to the filing of his motion for leave to file the amended counterclaim in that case, Banks filed the complaint in Schutter II.

---

[3] The statements also reflect that starting as early as January 2006 funds were regularly withdrawn from the Account by debit memo, transfer into another account, or by the issuance of checks. (Schutter I, Doc. 162). By February 2007 there had been, by our count, a total of 80 withdrawals in various forms (Schutter I, Doc. 162 at 13-40), the most significant of which was a $75,000 check payable to Philip Banks Real Estate, dated January 26, 2007, leaving the Account with an end-of-month balance of only $1,598.54. By December 3, 2007, the Account was fully depleted and closed. (Schutter I, Doc. 162 at 2, 4). We also note that at the time that Banks asserted his various claims against the escrow funds in the counterclaim filed on November 20, 2007 (Doc. 10), the escrow funds had already been depleted. The BMT documents show that on that date, when he specifically asserted that "Plaintiff has forfeited any and all claim to the fund in the possession of Banks" (Doc. 10 at 8, ¶ 43), the Account had a negative a balance of $35.45. (Doc. 162 at 4).

[4] This matter was initially assigned to the Honorable Anita B. Brody. On September 30, 2008, the parties consented to Magistrate Judge jurisdiction and the matter was transferred to this Court. (Doc. 20).

(Doc. 1). By that complaint, he sought to re-assert the same substantive claims, predicated upon the same facts and involving the same parties as were set out in both his original counterclaim and the proposed amended counterclaim which we subsequently denied him leave to file. Specifically, Banks set out a breach of contract claim against both Schutter and Herskowitz (Count One); a claim for *quantum meruit* against both Schutter and Herskowitz (Count Two); libel, slander and defamation claims against Schutter alone (Count Three); and a blanket assertion of entitlement to attorney's fees and costs against both Herskowitz and Schutter (Count Four).

Herskowitz filed a motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint in its entirety on July 13, 2008, asserting that Banks should be precluded from bringing his claims due to previous rulings made by Judge Brody and this Court in Schutter I. (Doc. 3). On August 4, 2008, having received no response from Banks within the 17 days allowed under Local Civil Rule 7.1(c) and Fed. R. Civ. P. 6(e), Judge Brody issued an "Order to Show Cause" by August 21, 2008 why Herskowitz's motion should not be granted. (Doc. 4). Schutter filed a similar motion to dismiss on August 14, 2008. (Doc. 8).

As in Schutter I, on August 18, 2008, 36 days after Herskowitz filed his motion to dismiss, Michael Yanoff, Esquire entered his appearance as counsel of record in Schutter II. (Doc. 9).[5] On August 20, 2008, 38 days after any response to Herskowitz's motion had been due, and 1 day before response to Judge Brody's Order to Show Cause was due, Banks filed a Motion "For an Extension of Time and/or Continuance" within which to respond to any outstanding motions. (Docs. 10-11).

---

[5] We note that, unlike in Schutter I, Frank Marcone, Esquire never sought to withdraw from Schutter II, and thus continues to remain counsel of record.

We denied that motion on October 10, 2008. (Doc. 22).[6]

Accordingly, upon the record as it now stands, Banks has never responded to the motions to dismiss filed by either Herskowitz or Schutter, and the time for him to have done so has long since passed. In this posture, the motions are thus now ripe for our review.

## IV.     Legal Standard

### A.     Motion to Dismiss

Pursuant to Fed.R.Civ.P. 12(b)(6), a defendant may move to dismiss a complaint or a claim within a complaint for "failure to state a claim upon which relief can be granted." A motion pursuant to Fed.R.Civ.P. 12(b)(6) "tests the legal sufficiency of [a] plaintiff's claim" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006), and is "designed to screen out cases where a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." *Port Auth. v. Arcadian Corp.*, 189 F.3d 305, 312 (3d Cir. 1999) (quotation omitted).

A motion filed under Fed.R.Civ.P. 12(b)(6) generally requires the reviewing court to determine "whether the plaintiff would be able to prevail even if she were able to prove all of her allegations." *Petruska*, 462 F.3d at 302. In *Bell Atl. Corp. v. Twombly*, the Supreme Court expressly consigned for "retirement" what had previously been a well-accepted standard for review of a motion under Fed.R.Civ.P. 12(b)(6): namely, that "a complaint should not be dismissed for a failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

---

[6] Banks filed a response to Herskowitz's motion on October 16, 2008. (Doc. 24). It was untimely and in violation of our Order of October 10, 2008 (Doc. 22) denying him a continuance of the time within which to file a response. While we are free to disregard the filing, we have reviewed it. It does not cause us to reflect differently upon the issues raised.

claim which would entitle him to relief." 127 S. Ct. 1955, 1968-69 (2007). The Court held, rather, that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations omitted).

In light of *Twombly*, the Third Circuit has explained that a complaint must demonstrate that "the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1964). In making this determination, the reviewing court is not simply "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 127 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A reviewing court is bound, however, to accept as true all factual allegations contained in the complaint, *see Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163,1164-65 (3d Cir. 1987), and "must interpret allegations in the light most favorable to the plaintiff," *Port Auth.*, 189 F.3d at 311.

It is further the case that dismissal pursuant to Fed.R.Civ.P. 12(b)(6) may be appropriate based upon a defendant's successful establishment of certain affirmative defenses. *See Flight Sys., Inc. v. Elec. Data Sys. Corp.*, 112 F.3d 124, 127 (3d Cir. 1997) (observing that an affirmative defense may be considered in motion pursuant to Fed.R.Civ.P. 12(b)(6) if the defense "presents an insuperable barrier to recovery by the plaintiff"). Claim preclusion is such an affirmative defense. *See Banco Santander de P.R. v. Lopez-Stubbe*, 324 F.3d 12, 16 (1st Cir. 2003) (holding that affirmative defense of res judicata may properly be adjudicated in motion pursuant to Fed.R.Civ.P. 12(b)(6)); *see also 2 Moore's Federal Practice* § 12.34[4][b] (Matthew Bender 3d ed.).

B.	**Claim Preclusion**

As a general matter, res judicata, or claim preclusion, "entitles a party to rely on prior judicial decisions and not to be held liable on claims on which that party previously has prevailed." *Bell Atlantic-Pennsylvania, Inc. v. Pa. Pub. Util. Comm'n*, 273 F.3d 337, 345 (3d Cir. 2001). A defendant seeking to dismiss a claim on the basis of claim preclusion bears the burden of demonstrating the following: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *Id.* (citing *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).

A dismissal pursuant to Fed.R.Civ.P. 12(b)(6) constitutes "a judgment on the merits" and is thus claim preclusive. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 299 n.3 (1981); *Johnsrud v. Carter*, 620 F.3d 29, 32-33 (3d Cir. 1980); *see also* 2 Moore's Federal Practice § 12.34[6][a] (Matthew Bender 3d ed.). Further, the denial of a motion to amend a complaint has been held to constitute a final judgment on the merits and thus would bar a relitigation of the same claim. *Benckini v. Upper Saucon Twp.*, 2008 U.S. Dist. LEXIS 38723, *17-18 (E.D. Pa. May 13, 2008) (determining that "on the basis of the doctrine of res judicata," denial of leave to amend in prior action "suffices to foreclose the proposed claim"); *see also Professional Management Assocs. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003) ("denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action"); *Witthohn v. Fed. Ins. Co.*, 164 Fed. Appx. 395, 397-98 (4th Cir. 2006) ("denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading"); *Northern Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000) (holding that where leave to amend is denied, "claim preclusion is appropriate"). These courts have also found that the

doctrine of claim preclusion applies to a denial of leave to amend even where such denial was on reasons other than the merits of a particular claim or set of claims. *See Benckini*, 2008 U.S. Dist. LEXIS 38723 at *17; *Professional Management Assocs.*, 345 F.3d at 1032-33; *Northern Assurance Co. of Am.*, 201 F.3d at 88. The interest of judicial economy and the need for orderly management of our dockets compels such a result. We accept these propositions as sound and conclude that it is particularly appropriate to apply these res judicata principles here given the circumstances of this case.

**V.     Discussion**

   **A.     Counts One and Two: Breach of an Agency Contract and *Quantum Meruit***

By Count One of his complaint, Banks asserts a claim for a "breach of an agency contract" against both Schutter, his principal, and against Herskowitz, the alleged third party beneficiary. (Doc. 1 at 5-6). By Count Two, he asserts a similar claim but under a quantum meruit theory. We address these claims as they pertain to Schutter and Herskowitz separately and in turn.

   **1.     Schutter**

In Count One, Banks seeks a judgment for fees and expenses incurred "in representing the interests of both Schutter and Herskowitz" and in performing various services, including "arrang[ing] for financing and conduct[ing] an effort to bring the property into compliance with the understanding between the parties and . . . negotiat[ing] a release by and between Schutter and Herskowitz," pursuant to the Authorization and the Agreement. (Doc. 1 at 6). In Count Two of the complaint, Banks asserts a similar entitlement to payment, this time under a *quantum meruit* theory, for performing those same services, and additionally for "arrang[ing] for a substitute purchaser." (Doc. 1 at 6-8).

9

In Schutter I, by Count One of both his counterclaim (Schutter I, Doc. 10 at 13-14) and the proposed amended counterclaim (Schutter I, Doc. 112 at 11), Banks asserted an entitlement to a commission for acting as Schutter's agent. Specifically, in both filings Banks asserted an entitlement to payment for various services including "preparing the agreement of sale, initiating and procuring mortgage commitments and thereafter, arranging to procure the necessary license to operate a Hostel with the appropriate number of beds" as well as "preparing and procuring" release documents. (Schutter I, Docs. 10 at 13; 112 at 11). In addition to this claim of a contractual entitlement to fees, Banks sought to assert for the first time in the proposed amended counterclaim a *quantum meruit* theory of entitlement. (Schutter I, Doc. 112 at 11).

We rejected both theories of entitlement on the merits. (Schutter I, Docs. 129, 131 and 140). In denying Banks leave to amend, we noted that we had already granted Schutter's motion for summary judgment on the claim, having found that Banks, as a licensed broker, was precluded from recovering any fees for services under applicable Pennsylvania law due to the lack of any signed written agreement specifying any such entitlement. (Schutter I, Docs. 129 at 6-9, 140 at 14-15) (citing 63 P.S. §§ 455.606a, 455.608a; 49 Pa. Code §§ 35.281, 35.331). We likewise found that "the clear mandate contained within the plain language of the applicable statutory and regulatory provisions of Pennsylvania law requiring a detailed and signed written agreement precludes entitlement to fees or commission under a *quantum meruit* theory." (Schutter I, Doc. 140 at 15-16) (citing *Summit Management Co. v. Tow Path Valley Business Park Development Co.*, No. 2006-C-1216, 2006 Pa. Dist. & Cnty. Dec. LEXIS 192, *12-13 (Lehigh County Nov. 3, 2006)). We thus concluded that Banks's attempt to bring these claims would be futile, and denied him leave to do so. (Schutter I, Doc. 140 at 16).

We are satisfied, first, that the claims raised in Counts One and Two of Banks's complaint are predicated upon the same facts and seek recovery under the same legal theories as Count One of both the counterclaim and proposed amended counterclaim in Schutter I. (*Compare* Doc. 1 at 6-8 *with* Schutter I, Docs. 10 at 13, 112 at 11). We are further satisfied that our prior rejection of Banks's motion seeking leave to bring these claims constitutes a final judgment on the merits of those claims in Schutter I, as they concerned the same facts, the same parties and the same cause of action. *See Bell Atlantic*, 273 F.3d at 345; *see also Benckini*, 2008 U.S. Dist. LEXIS 38723 at *17. Accordingly, Banks is barred by the doctrine of claim preclusion from asserting Counts One and Two of this action against Schutter. They will be dismissed.

### 2. Herskowitz

By Counts One and Two, Banks asserts for the first time that he is entitled to recovery against Herskowitz, based upon a proposition that a "signed authority by Schutter authorized Banks to be employed in behalf of Schutter and also by Herskowitz who was a third party beneficiary to the contract between Schutter and Banks." (Doc. 1 at 6, ¶ 26). While Banks does not attach this document to his complaint, he identifies it with some specificity in Paragraph 5 of the complaint where he asserts: "On November 30, 2005, Schutter signed a written authorization asking Banks to act as his agent." (Doc. 1 at 1-2, ¶ 5). From the various pleadings in Schutter I, we know this "written authorization" to be the Authorization which, although not attached to the complaint or the motions to dismiss, was attached as Exhibit B to Schutter's motion seeking summary judgment upon Count One of Banks's counterclaim in Schutter I. The document was signed by Schutter, dated November 30, 2005 and, as Banks asserts in Paragraph 5, authorized Banks to act as Schutter's agent

with respect to the purchase of 32 Bank Street in Philadelphia. (Schutter I, Doc. 105-2, Ex. B).[7] It makes no reference to Herskowitz at all.

Pennsylvania law requires a party asserting a breach of contract under an express third party beneficiary theory to demonstrate that "both contracting parties [] have expressed an intention that the third-party be a beneficiary, and that [the] intention . . . affirmatively appeared in the contract itself." *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 168 (3d Cir. 2008) (quoting *Scarpitti v. Weborg*, 609 A.2d 147, 149 (Pa. 1992)). Banks fails on both counts – he fails to plead that both he and Schutter, the contracting parties, expressed any intention that Herskowitz be a beneficiary to the Authorization, and certainly fails to assert that any such intention "affirmatively appeared in the contract itself." *Sovereign Bank*, 533 F.3d at 168. More importantly, such an assertion would be belied by the face of the Authorization itself, which is silent about any such intention.[8] (*See* Schutter I, Doc. 105-2, Ex. B). Banks's mere assertion that Herskowitz "was a third party beneficiary to the contract between Schutter and Banks" is nothing more than "a legal conclusion couched as a factual allegation." *Twombly*, 127 S. Ct. at 1965.

It is also the case that the question of whether Banks has any claims under the Authorization has already been litigated. In Schutter I, we pointed out that the Authorization was silent as to

---

[7] In deciding this motion to dismiss, we are to consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007)). The Authorization, attached to a filing in Schutter I and never disputed, satisfies both.

[8] Banks likewise fails to plead that Herskowitz would satisfy the elements necessary to qualify as an intended third party beneficiary. *See Scarpitti*, 609 A.2d at 150 (noting that Pennsylvania courts have adopted the Restatement (Second) of Contracts, § 302 (1979) and setting out the required elements).

whether Banks would be entitled to any compensation and if so what that compensation might be or how it would be determined.  (*See* Doc. 140 at 14-16).  We further found that Pennsylvania law requires the licensed real estate professional, here Banks, to set out in a signed detailed writing with his client clear terms for the payment of any fees for services to be performed.  These terms were not present in the Authorization.  (*See* Doc. 140 at 15).  That failure to comply, we found, barred Banks from any recovery for services rendered whether under a breach of contract theory (Doc. 140 at 14-15) (citing 63 P.S. §§ 455.606a, 455.608a; 49 Pa. Code §§ 35.281, 35.331), or a *quantum meruit* theory (Doc. 140 at 15-16) (citing *Summit Management Co.*, 2006 Pa. Dist. & Cnty. Dec. LEXIS 192 at *12-13).  Banks fails in this claim as to Herskowitz as he failed on this claim as to Schutter.  He is precluded by the doctrine of issue preclusion from re-litigating this issue here, in any event.[9]  The claims as set forth in Counts One and Two against Herskowitz will be dismissed.

### B.   Count Three: Libel, Slander, Defamation of Character

By Count Three of the complaint, Banks sets out a claim for libel, slander and defamation of character against Schutter alone.  (Doc. 1 at 8-9).  By this count, Banks asserts that he is entitled to relief for harm caused by Schutter's sending of a letter to the Pennsylvania State Real Estate

---

[9] The doctrine of issue preclusion "prevents a party from relitigating an issue if: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Parker v. Yahoo!, Inc.*, 2008 U.S. Dist. LEXIS 74512 (citing *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006)).  Importantly, "complete identity of parties in the two suits is not required for the application of issue preclusion." *Burlington N. R.R. v. Hyundai Merchant Marine Co.*, 63 F.3d 1227, 1232 (3d Cir. 1995).  A defendant in a second suit who was not a party to the first may thus "prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." *Id.* at n.4 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979)).  We are satisfied that Herskowitz meets the necessary elements and that Banks is thus precluded from bringing the claim.

Commission (the "PSREC") "in which he falsely accused Banks of withholding the escrow funds referred to above in violation of the law" which, Banks asserts, in turn caused him to spend "at least 25 hours responding to the inquiry generated thereby . . . ." (Doc. 1 at 8). Banks also asserts that Schutter's complaint resulted in "the only complaint lodged against Banks since his License to act as a Broker in Pennsylvania had been issued." (Doc. 1 at 8).

The same claim was filed in Schutter I, where in Count Four of both his counterclaim (Schutter I, Doc. 10 at 15-16) and the proposed amended counterclaim (Schutter I, Doc. 112 at 11-12), he also asserted a claim for libel, slander and slander per se. Specifically, in both filings Banks sought judgment for allegedly "false and malicious statements to the Real Estate Commissioner[10] in the Commonwealth of Pennsylvania" in which Schutter allegedly accused Banks of committing certain fraudulent actions within both "the original Complaint filed in the District of Columbia and also . . . a letter of complaint addressed to the Real Estate Commissioner." (Schutter I, Docs. 10 at 16; 112 at 14). Banks also asserted that Schutter's statements resulted in "a complaint which has become a part of [Banks's] record with the Real Estate Commissioner." (Schutter I, Docs. 10 at 16; 112 at 13).

Count Four of the counterclaim, however, was dismissed by Judge Brody pursuant to Fed.R.Civ.P. 12(b)(6) (Schutter I, Doc. 62), and we rejected Banks's motion to vacate her ruling (Schutter I, Doc. 99). While Judge Brody did not specifically address the merits of the claim, we did so in our denial of Banks's request for leave to amend his counterclaim and assert this cause of action. (Schutter I, Doc. 140). Specifically, we found that both communications made by Schutter (the complaint initiating Schutter I and the letter to the PSREC) were "relevant and pertinent" to

---

[10] We assume that Banks meant the PSREC.

14

proceedings and were thus absolutely privileged under Pennsylvania law. (See Doc. 140 at 20-22) (citing *Greenberg v. Aetna Ins. Co.*, 235 A.2d 576, 578 (Pa. 1967) and *Pawlowski v. Smorto*, 588 A.2d 36, 41 (Pa. Super. Ct. 1992)). We thus concluded that Banks's attempt to bring the claim would be futile, and denied him leave to do so. (Schutter I, Doc. 140 at 21-22).

We are once again satisfied, first, that the claim raised in Count Three of the current complaint is predicated upon the same facts, involves the same parties, and seeks recovery under the same legal theories as Count Four of both the counterclaim and sought amended counterclaim in Schutter I. (*Compare* Doc. 1 at 8-9 *with* Schutter I, Docs. 10 at 15-16, 112 at 13-14). We are further satisfied that both Judge Brody's dismissal of this claim pursuant to Fed.R.Civ.P. 12(b)(6) and our subsequent rejection, on the merits, of Banks's motion seeking leave to bring this claim, constitute final judgments on the merits of the claim in Schutter I. *See Bell Atlantic*, 273 F.3d at 345; *see also Federated Dep't Stores,* 452 U.S. at 299 n.3 and *Benckini*, 2008 U.S. Dist. LEXIS 38723 at *17. Accordingly, Banks is barred by the doctrine of claim preclusion from asserting Count Three of this action. It will be dismissed.

### C.  Count Four: Attorney's Fees and Costs

By Count Four of the complaint, Banks asserts a claim for attorney's fees and costs. (Doc. 1 at 9). His claim is predicated upon Paragraph 21(B) of the Agreement, which provides, in full:

> In the event of a dispute over entitlement to deposit monies, a broker holding the deposit is required by the Rules and Regulations of the State Real Estate Commission (49 Pa. Code §35.327) to retain the monies in escrow until the dispute is resolved. In the event of litigation for the return of deposit monies, a broker will distribute the monies as directed by a final order of court or the written agreement of the parties. Buyer and Seller agree that, in the event any broker or affiliated licensee is joined in litigation for the return of deposit monies, the attorneys fees and costs of the broker(s) and licensee(s)

will be paid by the party joining them.

(*See* Doc. 1 at 4, 9; Schutter I, Doc. 140 at 17 (citing Doc. 105-2 at 15)). Banks asserts that this contractual provision obligates Schutter "and possibly" Herskowitz "to pay for [Banks's] representation" in both Schutter I and Schutter II – an amount exceeding $105,000 and which, Banks asserts, "is increasing daily." (Doc. 1 at 9).

In Schutter I, by Counts Two and Three of his counterclaim, Banks asserted claims for reimbursement of attorney's fees incurred in defending Schutter I while it was pending in the District of Columbia prior to its transfer to the Eastern District of Pennsylvania and in defending the alleged accusation of fraud and conspiracy made by Schutter to the PSREC. (Schutter I, Doc. 10 at 14-15). Banks provided no contractual or statutory basis for those claims. (*See* Doc. 10 at 14-15). Schutter then filed a motion to dismiss those counts, citing the "American Rule" against recovery of attorney's fees from an opposing party (Schutter I, Doc. 22 at 4-9). Judge Brody granted that motion. (Schutter I, Doc. 62).

Banks sought leave to re-assert the same claims by Counts Two and Three of his proposed amended counterclaim, only this time raising Paragraph 21(B) of the Agreement as the basis for his claims. (Schutter I, Doc. 112 at 11-13). He also sought leave to assert, by Count Six, a blanket entitlement under Paragraph 21(B) to reimbursement for all attorney's fees incurred through the duration of Schutter I against Schutter and, for the first time, against Herskowitz. (Schutter I, Doc. 112 at 15-16). We denied Banks leave to assert these claims, however, finding that none possessed merit and that allowing them to go forward would thus be futile. (Schutter I, Doc. 140 at 17-19). Specifically, we found that Paragraph 21(B) provided only for the payment of the broker's attorneys fees in the event of a dispute between the parties to the transaction (i.e. Schutter and Herskowitz)

over the entitlement to the escrow funds – a dispute, we concluded, that did not exist. (Schutter I, Doc. 140 at 18-19). It followed, under our analysis, that the provision did not entitle Banks to reimbursement of attorney's fees in a dispute over entitlement to the funds between the broker and a party to the transaction (i.e. Banks and Schutter), which we determined to actually be the case. (Schutter I, Doc. 140 at 18-19). We also concluded that pursuant to Paragraph 21(A) of the Agreement (which specified that the broker was only permitted to "retain [deposit monies] in an escrow account until consummation or termination of this Agreement"), Banks in fact *never had* any entitlement to the escrow funds to begin with. (Schutter I, Doc. 140 at 18-19). Accordingly, we concluded as a matter of law that Paragraph 21(B) did not apply to the action at hand and that Banks's claims were thus without merit. (Schutter I, Doc. 140 at 19).

We are again satisfied, first, that the claim raised in Count Four of Banks's complaint is predicated upon the same facts, involves the same parties, and seeks recovery under the same legal theories as Counts Two and Three of the counterclaim and Counts Two, Three and Six of the proposed amended counterclaim in Schutter I. (*Compare* Doc. 1 at 9 *with* Schutter I, Docs. 10 at 14-15, 112 at 11-13 & 15-16). We are further satisfied that both Judge Brody's dismissal of this claim pursuant to Fed.R.Civ.P 12(b)(6) and our subsequent rejection, on the merits, of Banks's motion seeking leave to bring these claims, constitute final judgments on the merits of the claim in Schutter I. *See Bell Atlantic*, 273 F.3d at 345; *see also Federated Dep't Stores,* 452 U.S. at 299 n.3 and *Benckini*, 2008 U.S. Dist. LEXIS 38723 at *17. Accordingly, Banks is barred by the doctrine of claim preclusion from asserting Count Four. It will be dismissed.

**VI.   Conclusion**

For the reasons set out above, and pertaining to all four counts of Banks's complaint, the

doctrines of res judicata, claim preclusion and issue preclusion bar relitigation of these claims as to both Schutter and Herskowitz. Accordingly, the motions filed by Schutter (Doc. 8) and Herskowitz (Doc. 3) will be **GRANTED**.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP BANKS | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | NO. 08-2677 |
| STEPHEN SCHUTTER and DAVID HERSKOWITZ | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 6th day of November, 2008, upon consideration of the Motions to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed by Defendants David Herskowitz (Doc. 3) and Stephen Schutter (Doc. 8), both seeking dismissal of the complaint (Doc. 1), noting no timely response thereto from Plaintiff Philip Banks, and for the reasons set out in the accompanying memorandum opinion, **IT IS HEREBY ORDERED THAT** the motions are **GRANTED**.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE