IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP BANKS | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 08-2677 |
| | : | |
| STEPHEN SCHUTTER and | : | |
| DAVID HERSKOWITZ | : | |
| | : | |
| Defendants | : | |

**<u>MEMORANDUM OPINION</u>**

DAVID R. STRAWBRIDGE                                           January      15, 2009
UNITED STATES MAGISTRATE JUDGE

**I.      Introduction**

Presently before the Court is the "Motion for Sanctions Pursuant to Fed.R.Civ.P. 11" filed by Defendant Stephen Schutter ("Schutter") on August 22, 2008 (Doc. 12) and the "Motion for Sanctions under Rule 11" filed by Defendant David Herskowitz ("Herskowitz") on August 26, 2008 (Doc. 13) (collectively, the "Rule 11 Motions").  Plaintiff Philip Banks ("Banks") filed a response on October 16, 2008 (Doc. 23), and former-counsel for Banks, Frank J. Marcone, Esquire ("Marcone"), filed an untimely response on January 6, 2009 (Doc. 44).  For the reasons set out below, we will enter an Order granting the motions.

**II.     Procedural Background**

This matter came before us in a unique procedural posture, and was filed at the same time that a related case, arising out of the same factual background, the same subject-matter, raising substantially the same claims, and involving the same parties, was ongoing.  Given the pendency of that case, *Schutter v. Banks and Herskowitz*, Civil Action Number 07-3823 ("*Schutter* I"), we

granted, on November 6, 2008, motions filed by both Schutter (Doc. 8) and Herskowitz (Doc. 3) seeking to dismiss the complaint filed by Banks in the present matter pursuant to Fed.R.Civ.P 12(b)(6) (Doc. 25).  Our dismissal was predicated upon the fact that all four counts of the complaint had already been litigated (and rejected) on their merits in *Schutter I* and were thus barred by the doctrines of res judicata, claim preclusion and issue preclusion.  (*See* Doc. 25 at 10-17).

After filing their motions to dismiss, and before our grant of those motions, both Schutter (Doc. 12) and Herskowitz (Doc. 13), on August 22 and August 26, 2008, respectively, filed motions pursuant to Fed.R.Civ.P. 11 seeking reasonable counsel fees and costs in defending against the complaint and in bringing the instant motions.[1]  Banks, through counsel, filed a response to the motions on October 16, 2008.  (Doc. 23).  Oral argument on the motions was heard on December 10, 2008, at which time it was noted that Banks's original counsel, Marcone – who filed and signed the complaint in this matter, and thus the person toward whom the motions were directed – never filed his own response.[2]  Upon his request, we deferred ruling and gave Marcone until December 29,

---

[1] We note that both parties assert that the Rule 11 Motions were served upon opposing counsel at least 21 days prior to filing with the Court and were thus in compliance with Fed.R.Civ.P. 11(c)(2).  (*See* Doc. 12 at 8; Doc. 13 at 4).  Neither Banks nor his former-counsel dispute the assertions.

[2] By way of explanation for his having failed to do so, Marcone stated that he had assumed that his discharge as counsel of record in *Schutter I* somehow effectuated his simultaneous discharge as counsel of record in this case.  Marcone provided no legal support for such an assumption, and we reminded him, both by way of footnote in our dismissal of the complaint in the instant matter (*see* Doc. 25 at 5 n.5) and upon the record at oral argument, that his assumption was erroneous and that he had, rather, continued to remain counsel of record.  Accordingly, it was the case that after we allowed Michael Yanoff, Esquire to withdraw as counsel of record on December 22, 2008 (Doc. 39), Marcone was once again the lone attorney of record for Banks.  It was not until December 29, 2008 that Marcone finally filed a motion to withdraw from this case.  (Doc. 42).  We granted his motion the next day.  (Doc. 43).

Marcone also asserted that he had further assumed, again erroneously, that given the first
(continued...)

2008 to file a response.  (Doc. 35).  When he sought a continuance of that date (Doc. 41), we gave

him additional time and allowed him until January 5, 2008 to respond (Doc. 43).  He failed to do so,

but did finally respond a day later.  (Doc. 44).  We will accept and consider that late filing on its

merits.[3]  The motions are now ripe for our review.

### III.    Legal Standard

Pursuant to Fed.R.Civ.P 11(b)(1), by "signing, filing, submitting, or later advocating" a

pleading with the district court, an attorney or unrepresented party is deemed to certify that the

pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary

delay, or needlessly increase the cost of litigation."  Pursuant to Fed.R.Civ.P 11(b)(2), the signing

or filing attorney is deemed to certify that the claims and legal contentions contained therein "are

warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

existing law or for establishing new law."

Upon motion from an opposing party and upon the finding of a violation, the court may,

---

[2](...continued)
erroneous assumption regarding his withdraw from this case, the need for him to respond to the
Rule 11 Motions in this case had been obviated.  In allowing him time to respond (as of the date
of oral argument, the time for response allowed under Local R.Civ.P. 7.1 had long ago come and
gone), we reminded Marcone that the plain language of Fed.R.Civ.P. 11(b) necessitated his
response.  (*See* Doc. 43).

[3] As one of his defenses, Marcone curiously asserts that resolution of the Rule 11 Motions
is alternatively "moot" or "premature" given Banks's appeal of our dismissal of the complaint.
(Doc. 44 at ¶¶ 2-3, 10).  To the contrary, the Third Circuit has held that a district court is bound
to rule on a Rule 11 motion either before or simultaneously with final judgment.  *Gary v.
Braddock*, 517 F.3d 195, 201-02 (3d Cir. 2008).  As such, far from being "premature," if
anything, we rule upon these motions later than we may have been procedurally required to have
done so.  That circumstance notwithstanding, where a district court does not resolve a Rule 11
motion prior to the resolution of the appeal, the Third Circuit will merely remand the case so that
the district court can resolve it.  *See id.* at 202-03.  As such, far from being "moot," resolution of
the Rule 11 Motions now saves the unnecessary step of a remand later.

pursuant to Fed.R.Civ.P 11(c), sanction a responsible party or attorney by, among other things, ordering reimbursement to the moving party "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." In determining the propriety of sanctions, courts within our circuit have turned to the Advisory Committee's notes which set out several relevant factors:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

*See, e.g., Reynolds v. Metro. Life Ins. Co.*, Civ. A. No. 04-232, 2007 U.S. Dist. LEXIS 12227, *32 (E.D. Pa. Feb. 22, 2007) (quoting *Lal v. Borough of Kennett Square*, 935 F. Supp. 570, 577 (E.D. Pa. 1996)). Not surprisingly, courts have found that repetitive filings and successive complaints can constitute "a pattern of activity" indicative of the improper purposes of harassment, causing unnecessary delay, or needlessly increasing the cost of litigation. *See, e.g. Mulgrew v. Fumo*, Civ. A. No. 05-5309, 2005 U.S. Dist. LEXIS 15394, *21 (E.D. Pa. July 26, 2005); *see also Professional Management Assocs. v. KPMG LLP*, 345 F.3d 1030, 1033 (8th Cir. 2003); *Knipe v. Skinner*, 19 F.3d 72, 77 (2d Cir. 1994); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986).

By its plain language, the strictures of Fed.R.Civ.P. 11(b) are directed toward any "attorney or unrepresented party" who "present[s] to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it . . . ." The initial complaint in

4

this case, which is the filing that forms the basis for the Rule 11 Motions (*see* Docs. 12 & 13), was signed and filed by Marcone.  (*See* Doc. 1).  Given this circumstance, our consideration of the Rule 11 Motions is applicable to him.  Further, while Fed.R.Civ.P. 11(c)(5)(A) expressly precludes a court from issuing monetary sanctions against a represented party for any violation of Fed.R.Civ.P 11(b)(2), sanctions for violations of Fed.R.Civ.P 11(b)(1) may nonetheless be awarded against a represented party "responsible for the violation."  *See* Fed.R.Civ.P. 11(c)(1); *New Life Homecare, Inc. v. Blue Cross*, Civ. A. No. 06-2485, 2008 U.S. Dist. LEXIS 12527, *3 (M.D. Pa. Feb. 20, 2008) (citing *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1343-44 (2d Cir. 1991).  Accordingly, given the serious concerns which we have articulated about the conduct of Banks throughout this litigation, our consideration of the Rule 11 Motions is applicable to him as well.

## IV.    Discussion

Both Defendants predicate their Rule 11 Motions for sanctions on the same bases – namely, that the complaint "is but a continuation of the pattern of harassing and dilatory behavior" exhibited by Banks and Marcone over the course of *Schutter* I.  (Doc. 13 at 8; *see also* Doc. 12 at 12-16).  Upon examination of the circumstances against the backdrop of the factors set out by the Advisory Committee, we are compelled to agree.

The complaint set out four counts asserting claims that had all either been raised in the original counterclaim or were raised a week after the filing of the complaint in Banks's motion seeking leave to file the amended counterclaim.  Aside from the *res judicata* principles upon which we based our Order granting the motions to dismiss the complaint,[4] it is clear that Banks never

---

[4] Banks generally asserts in his response that the merits of the claims contained within the
(continued...)

5

possessed the right to maintain such simultaneous actions in the first place.  The Third Circuit long ago laid to rest any notion that he could and, seeing "no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket," held that a litigant "has no right to maintain separate actions involving the same subject matter at the same time in the same court and against the same defendant."  *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citation omitted); *see also McKenna v. City of Philadelphia*, 2008 U.S. App. LEXIS 24283, *6 (3d Cir. Nov. 25, 2008) (quoting *Walton* for same proposition).  That is what Banks, through Marcone, did here. Perhaps more importantly, a litigant is specifically precluded from using such a tactic "to expand the procedural rights he would have otherwise enjoyed."  *Walton*, 563 F.2d at 71; *McKenna*, 2008 U.S. App. LEXIS 24283 at *9.  Yet that is precisely what Banks, through Marcone, attempted to achieve here.  While we noted in our dismissal of the complaint that there was indeed a narrow aspect of two counts that Banks had not been asserted in *Schutter* I (*see* Doc. 25 at 11 (observing that Banks was asserting breach of agency contract and *quantum meruit* claims, for the first time, against Herskowitz)), *Walton* does not require that the claims be completely identical, *see McKenna v. City of Philadelphia*, No. 07-4759, 2008 U.S. App. LEXIS 24283, *7 (3d Cir. Nov. 25, 2008).  The fact that a new legal theory arising out of the same factual scenario was asserted did not allow Banks, through Marcone, to have properly brought the complaint here.  As such, we conclude that Marcone, the attorney who signed and filed the complaint, in doing so, is subject to being sanctioned for a

---

[4](...continued)
complaint had been addressed on their merits.  (*See* Doc. 23).  We concede that only one of the counts in the complaint in the present matter (Count Three asserting a claim for libel, slander and defamation of character) had been adjudicated on the merits at the time that Marcone filed the complaint.  The other counts were not addressed on their merits in *Schutter* I until after the filing of this complaint.

violation of Fed.R.Civ.P. 11(b)(2).

The filing of this complaint in the face of such clearly established law would, by itself, lead one to question the respondents' motive behind the filing.  In addition, we have made it clear that as of the time of the complaint's filing on June 9, 2008 Banks and Marcone had already demonstrated over the course of *Schutter* I a blatant and stubborn pattern of defiance of the Federal Rules of Civil Procedure, our Local Rules of Civil Procedure, and several direct Orders of this Court. We summarized their collective failures and transgressions which preceded the filing of the complaint in our denial of Banks's motion seeking leave to file an amended counterclaim.  (*See Schutter* I, Doc. 140 at 6-12).  We concluded that that motion, filed by Marcone on Banks's behalf, had been filed in bad faith and that allowing the amended counterclaim to go forward would be "an insult to our process."  (*Schutter* I, Doc. 140 at 23).  Simultaneously with our denial of leave to file the amended counterclaim, we granted Schutter's motion to preclude Banks from offering certain evidence.  In doing so, we specifically found that Banks's conduct, through Marcone, was not simply dilatory, but was "fully non-compliant," constituted bad faith, and, given the lack of any reasonable excuse,[5] was willful.  (*See Schutter* I, Doc. 140 at 27-31).

These same considerations alone would allow us to conclude that Banks's filing of the complaint in the instant matter, accomplished through Marcone, like the motion seeking to file the amended counterclaim which was filed only seven days later, was done in bad faith and with a dilatory and harassing motive.  Since the time of that filing, however, we have learned significantly

---

[5] We expressly found that Banks's assertion, asserted through Marcone (*see Schutter* I, Doc. 119), that sanctions which we had ordered against Banks as a result of his misconduct must somehow be shouldered by Schutter, was "perverse" and that it "defie[d] logic."  (*Schutter* I, Doc. 140 at 31).

more about the factors which may have played a role in creating this bad faith conduct.  Marcone testified, during a show cause hearing, that Banks sought to deliberately frustrate and manipulate the litigation process by seeking meritless continuances.  (*See Schutter* I, N.T. 10/23/08 at 63).  Marcone subsequently filed documents specifically indicating that Banks "insisted that Marcone do everything to prevent the case from going to trial until October of 2008 at the earliest." (*Schutter* I, Doc. 211 at 3).  Given what we know about Banks's ultimate depletion of the escrow funds at issue in the case (*see Schutter* I, Docs. 162 & 165 at 7-8), his material misrepresentations to the Court, and his three civil contempt citations in *Schutter* I (*see* summary *in Schutter* I, Doc. 241 n.1), we have no reason to doubt Banks's improper intentions and the bad faith with which he proceeded in the litigation of both cases.  Accordingly, we conclude that this complaint was filed in bad faith and for the improper purposes of harassing Schutter and Herskowitz, causing unnecessary delay, and needlessly increasing the cost of litigation, and thus in violation of Fed.R.Civ.P. 11(b)(1).

We similarly conclude that Marcone, who prepared and filed the complaint, was a willing participant in the effort to delay and frustrate the litigation of what otherwise was, and should have been, a simple and straightforward dispute over an abandoned real estate transaction.  These circumstances manifested themselves here in the form of the improper complaint which Marcone filed on Banks's behalf.  As one court has noted, "[t]here are times . . . when a lawyer's duty to the Court must eclipse his loyalty to his client." *Turner Constr. Co. v. First Indem. of Am. Ins. Co.*, 829 F. Supp. 752, 772 (E.D. Pa. 1993).  This case presented such an occasion.  We find it appropriate, under the circumstances here, that both Marcone and Banks, jointly and severally, be held responsible, Banks pursuant to Fed.R.Civ.P 11(b)(1) and Marcone pursuant to both Fed.R.Civ.P 11(b)(1) and (2).

We further conclude that the appropriate remedy for the violation shall be that both Schutter (*see* Doc. 12 at 1) and Herskowitz (*see* Doc. 13 at 10) be awarded the reimbursement of the reasonable costs and attorneys fees expended in defending the complaint and in filing and prosecuting the Rule 11 Motions.  The plain language of Fed.R.Civ.P. 11(c)(4) allows for such sanctions.  They are so ordered, subject only to the submission of affidavits supporting the fees and costs and our consideration of the reasonableness.

An appropriate order follows.

BY THE COURT:


 /s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP BANKS | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 08-2677 |
| | : | |
| STEPHEN SCHUTTER and | : | |
| DAVID HERSKOWITZ | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this    15th        day of January, 2000, upon consideration of the "Motion for Sanctions Pursuant to Fed.R.Civ.P. 11" filed by Defendant Stephen Schutter ("Schutter") on August 22, 2008 (Doc. 12) and the "Motion for Sanctions under Rule 11" filed by Defendant David Herskowitz ("Herskowitz") on August 26, 2008 (Doc. 13) (collectively, the "Rule 11 Motions"), the responses thereto from Plaintiff Philip Banks ("Banks") (Doc. 23) and his former-counsel, Frank J. Marcone, Esquire, ("Marcone") (Doc. 44), and following upon oral argument heard on December 10, 2008 and subsequent discussion upon the record, **IT IS HEREBY ORDERED THAT**:

1.      The Rule 11 Motions are **GRANTED**;

2.      Banks and Marcone **ARE LIABLE**, jointly and severally, for the reasonable costs and attorneys fees incurred by Schutter and Herskowitz for defending against the complaint together with the costs of the Rule 11 Motions;

3.      Schutter and Herskowitz **SHALL PROVIDE** this Court with and serve upon Banks and Marcone their certification of appropriate counsel fees and costs expended in defending the complaint and in filing and prosecuting the Rule 11 Motions **on or before Monday, January 26, 2009**;

    4.      Banks and Marcone may, but are not required to, file responses to those certifications; any such response **SHALL BE FILED on or before Wednesday, February 4, 2009**.

BY THE COURT:

 /s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

**Hard Copies served by Chambers upon:**

| | |
|---|---|
| Charles Curley, Esq. | Frank Marcone, Esq. |
| James Loots, Esq. | Jay Herskowitz, Esq. |
| Kelle Kilgariff, Esq. | Samuel Stretton, Esq. |
| Michael Yanoff, Esq. | |

Philip Banks (via email and fax)

2